NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1501
_____

UNITED STATES OF AMERICA

v.

JOSE MANUEL ALMONTE,
                                        Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-11-cr-00158-001)
District Judge:  Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2013

Before:  AMBRO, FISHER, and HARDIMAN, Circuit Judges

(Opinion filed: September 24, 2013)

_____

OPINION
_____

AMBRO, Circuit Judge

        Jose Manuel Almonte was convicted by a jury of possession with intent to

manufacture and distribute, and of conspiracy to distribute and possess with intent to

distribute, 100 grams or more of heroin in violation of 21 U.S.C. §§ 841 and 846.  On

appeal, he challenges the sufficiency of the evidence with respect to the existence of a conspiracy, asserts the District Court abused its discretion in resolving his pre-trial motion to suppress, and argues he was denied a fair trial due to prosecutorial misconduct. Our review of the record leads us to believe that each of these arguments is unpersuasive, and we affirm Almonte's convictions.

## I.

Almonte and his co-conspirator, Ramon Delorbe, rented a three-bedroom apartment together in Union City, New Jersey for the purpose of processing and packaging heroin for sale. One of the bedrooms was used to process and package the heroin, Almonte lived in another bedroom, and eventually his friend Joselin Reynoso Inoa moved into the third bedroom. Typically, Delorbe packaged and processed the heroin, and Almonte delivered the heroin to their customers.

Eventually the pair's illegal activities attracted the attention of the Drug Enforcement Administration ("DEA"). It supervised a cocaine sale between Delorbe and a confidential informant, and then began surveillance on the Union City apartment, where they observed Delorbe and Almonte coming and going together on numerous occasions. After following and stopping Delorbe's car for a motor vehicle violation, a DEA agent confronted Delorbe about his illegal drug activities. He admitted there were narcotics at the Union City apartment and gave the agent written and oral consent to search the apartment along with his two keys for the door and his two cell phones.

Several DEA agents then proceeded to the Union City apartment, where they knocked and announced their identity as law enforcement. When there was no answer,

2

they attempted to unlock the door with the keys Delorbe had given them but were unsuccessful. When agents resumed knocking, Almonte opened the curtains to the window next to the front door. Agents identified themselves as police and told Almonte to open the door, but he closed the curtains and tried to place repeated calls to Delorbe's cell phone (now in the possession of the DEA). The agents then broke the window with a baton and again ordered Almonte to open the door; this time he complied. When the agents entered the apartment, they encountered Inoa, who gave oral and written consent to search. Almonte did not object. The search revealed a multitude of drug paraphernalia, almost $10,000 in cash, and 259 grams of heroin.

Almonte, Delorbe, and Inoa were arrested. The District Court denied Almonte's motion to suppress the evidence seized from the Union City apartment without an evidentiary hearing after considering the undisputed facts submitted by Almonte and the Government. Specifically, the Court found that Delorbe's consent, exigent circumstances, and Inoa's consent justified the warrantless search of the apartment. Almonte proceeded to a jury trial, at which Delorbe testified extensively as to the pair's heroin distribution scheme. DEA agents also testified regarding their surveillance and search of the Union City apartment. At the conclusion of the trial, the jury convicted Almonte of one count of possessing with intent to manufacture and distribute over 100 grams of heroin and one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. Almonte appealed.

## A. Sufficiency of the Evidence of a Drug Conspiracy

Almonte first asserts that the Government failed to establish sufficiently the existence of a conspiracy. To sustain a conviction for a drug trafficking conspiracy, the Government must prove "(1) a shared unity of purpose, (2) an intent to achieve a common illegal goal, and (3) an agreement to work toward the goal, which [the defendant] knowingly joined." *United States v. Boria*, 592 F.3d 476, 481 (3d Cir. 2010).

Our "[r]eview of a verdict for sufficiency of the evidence is plenary." *United States v. Mussare*, 405 F.3d 161, 166 (3d Cir. 2005). "We will reverse a jury verdict for insufficiency of the evidence 'only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt.'" *Id.* (quoting *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997)); *see also United States v. Barel*, 939 F.2d 26, 31 (3d Cir. 1991) ("all credibility issues subject to jury determination must be viewed in the light most favorable to the government"). Because Almonte failed to preserve his sufficiency claim, however, our review is even more restricted, and we will reverse only "if we determine the evidence presented was so insufficient that for us to uphold his conviction would result in a miscarriage of justice or be fundamentally wrong." *Barel*, 939 F.2d at 31.

Almonte contends the Government failed to meet its burden because it did not offer evidence to substantiate the testimony of Delorbe. But "'uncorroborated

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Our jurisdiction to review the District Court's final judgment is conferred by 28 U.S.C. § 1291.

4

accomplice testimony may constitutionally provide the exclusive basis for a criminal conviction.'" *United States v. Perez*, 280 F.3d 318, 344 (3d Cir. 2002) (quoting *United States v. DeLarosa*, 450 F.2d 1057, 1060 (3d Cir. 1971)). Because there is a presumption that the jury's evaluation of a witness's credibility is proper, *see United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992), we defer to its finding that Delorbe's testimony was credible. We thus reject Almonte's challenge to the sufficiency of the evidence that a conspiracy existed.[2]

## B.    Almonte's Motion to Suppress

Almonte further argues that the District Court abused its discretion in denying his motion to suppress and failing to hold an evidentiary hearing on it. In particular, the Court denied the motion to suppress on the ground that exigent circumstances existed. Almonte argues that, because the agents did not have definitive knowledge evidence was being destroyed inside the apartment, they lacked probable cause to justify the warrantless entry.

First, because there were no contested facts with respect to the search of Almonte's apartment, there was no abuse of discretion in failing to hold a hearing. *See United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996). Also, we review for clear error the District Court's conclusion that exigent circumstances existed. *United States v. Coles*, 437 F.3d 361, 366 (3d Cir. 2006). Here, the officers executing the search had been

_____

[2] Because we conclude the testimony of Almonte's co-conspirator was sufficient to sustain the conspiracy conviction here, we need not address the Government's argument as to additional corroborating evidence. Moreover, notwithstanding Almonte's assertion that his conviction on both counts should be reversed due to the allegedly insufficient evidence, his argument addresses only the conspiracy; we likewise limit our analysis.

informed by a co-tenant that the apartment was being used as a drug mill, and the officers knew Almonte was aware that a search was imminent. Accordingly, the District Court's conclusion that an exigency existed, based on the officers' belief that evidence was being destroyed, was not clearly erroneous. *See also United States v. Rubin*, 474 F.2d 262, 266 (3d Cir. 1973) (rejecting argument that exigency exists "only when the searching officers have knowledge that evidence is actually being removed or destroyed").

**C.     Alleged Prosecutorial Misconduct**

Almonte also argues that statements made during the Government's rebuttal summation amounted to prosecutorial misconduct. Specifically, he asserts it was improper for the prosecutor to say that Almonte's attorney was trying to "deceive" and "distract" the jury.

Because Almonte did not assert a contemporaneous objection to these statements, we review the alleged misconduct for plain error. *See United States v. Brown*, 254 F.3d 454, 462 (3d Cir. 2001); Fed. R. Crim. P. 52(b). "In order to demonstrate prosecutorial misconduct under a plain error standard, the review must reveal egregious error or a manifest miscarriage of justice." *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003) (citation and internal quotation marks omitted).

The prosecutor's comments were not a personal attack on defense counsel, but rather a criticism of his arguments. "[A]ttacks on the opposing advocate's arguments and tactics are acceptable, and indeed . . . attacking and exposing flaws in one's opponent's arguments is a major purpose of closing argument." *United States v. Rivas*, 493 F.3d 131, 139 (3d Cir. 2007). We conclude that the prosecutor's statements were not, in this

6

context, improper argument, and thus did not undermine the fairness of Almonte's trial. *Cf. United States v. Lore*, 430 F.3d 190, 213 (3d Cir. 2005) ("Though personal attacks on the character of defense counsel in some instances can rise to the level of misconduct, the single remark here regarding defense tactics falls far short of that level.").

\* \* \* \* \*

For the reasons discussed above, we affirm the jury's convictions of Almonte.